IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

MATTHEW D. BARCUS,

    Plaintiff,

v.                                                                    Civil Action No.: 1:13-cv-26 (Keeley)
                                                                           Electronically Filed: February 13, 2013
HOLLYWOOD THEATERS, INC.,
a Delaware corporation,

    Defendant.

## NOTICE OF REMOVAL

TO:    Ms. Jean Friend, Clerk
          Circuit Court of Monongalia County
          Monongalia County Courthouse
          243 High Street
          Morgantown, WV 26505

          William R. Metzner, Esq.
          1409 National Road
          Wheeling, WV 26003-5629

In accordance with 28 U.S.C. §§ 1332, 1441, and 1446, you are hereby notified that the Defendant, Hollywood Theaters, Inc., a foreign corporation, has removed the above-captioned case from the Circuit Court of Monongalia County, West Virginia to the United States District Court for the Northern District of West Virginia. In support of its Notice of Removal, the Defendant states as follows:

## BACKGROUND

1.    On January 14, 2013, Plaintiff, Matthew D. Barcus, filed a Complaint in the Circuit Court of Monongalia County, West Virginia, Civil Action No. 13-C-32.

2.    The Defendant, Hollywood Theaters, Inc., a foreign corporation, was served with the Complaint via the Secretary of State on January 16, 2013.

3. Plaintiff's Complaint alleges that he " . . . was thrown violently to and against the hard surface of the floor of the concession area of the defendant's said theater building, as aforesaid, and thereby sustained serious injuries to his head, neck, shoulders, and upper back, including tendons, muscles, and other soft tissues of his body, and was otherwise injured, some of which injuries are permanent; was required to undergo medical and hospital treatment, therapy, and care, including the use of medications, and will be required to do so in the future; suffered great pain of body and mind; incurred medical, hospital, and physical-therapy expenses in the approximate sum of $20,000.00, and will incur additional such expenses in the future; lost wages in the approximate sum of $5,000.00; and suffered a diminution in his abilities to earn money, to care for himself, to perform domestic chores, to engage in physical activities, and to enjoy life." (Complaint at ¶5).

## THE PARTIES

4. Upon information and belief, the Plaintiff Matthew D. Barcus is a resident of Pursglove, West Virginia.

5. Defendant Hollywood Theaters, Inc., is a Delaware Corporation with its principal place of business in Oregon. Hollywood Theaters, Inc., was not at the time of the commencement of this action, nor has it ever been, a citizen of the State of West Virginia.

## BASIS OF REMOVAL

6. This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by the Defendant pursuant to the provisions of U.S.C. § 1441, because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Both the Plaintiff and the Defendant are citizens of different states.

8. Even though Plaintiff specifically plead an amount of damages in the Complaint in the amount of $400,000.00, this case may be also removed because it is facially apparent from the Complaint that Plaintiff seeks damages in excess of $75,000.

9. "A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by the preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount." *Ashworth v. Albers Medical, Inc., et al.*, 395 F. Supp 2d, 395, 413 (S.D. W. Va. 2005). The jurisdictional minimum may be satisfied by claims of compensatory damages, attorney's fees and punitive damages. *Id.* at 413-4.

10. In the present case, the Plaintiff has sought a specified amount of damages, $400,000.00, arising out of an alleged electrocution causing a slip and fall accident. (Complaint at ¶4). Specifically, Plaintiff seeks damages because he " . . . was thrown violently to and against the hard surface of the floor of the concession area of the defendant's said theater building, as aforesaid, and thereby sustained serious injuries to his head, neck, shoulders, and upper back, including tendons, muscles, and other soft tissues of his body, and was otherwise injured, some of which injuries are permanent; was required to undergo medical and hospital treatment, therapy, and care, including the use of medications, and will be required to do so in the future; suffered great pain of body and mind; incurred medical, hospital, and physical-therapy expenses in the approximate sum of $20,000.00, and will incur additional such expenses in the future; lost wages in the approximate sum of $5,000.00; and suffered a diminution in his abilities to earn money, to care for himself, to perform domestic chores, to engage in physical activities, and to enjoy life." (Complaint at ¶5)

11. Under West Virginia law, Plaintiff's recovery is theoretically unlimited and only a binding stipulation that he would not seek nor accept more than $75,000.00 could limit recovery. See *Hicks v. Herbert*, 122 F.Supp2d 699 (S.D.W.Va. 2000). The Plaintiff's Complaint contains no such stipulation and also sets forth claims that the Plaintiff's injuries are permanent in nature.

12. Therefore, without conceding that the Plaintiff is entitled to any damages, which is expressly denied by the Defendant, it is facially apparent by a preponderance of the evidence that the amount in controversy exceeds $75,000. If the Court for any reason is inclined to disagree, Defendant respectfully requests the opportunity to conduct jurisdictional discovery to confirm the amount in controversy.

13. As required by 28 U.S.C. §1446(b), this Notice of Removal is filed with this Court within thirty (30) days of receipt of the Complaint by the Defendant and, as such, this Notice of Removal has been timely filed.

14. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through his attorney of record, and upon the Clerk of the Circuit Court of Monongalia County, West Virginia.

15. Copies of all process, pleadings, and orders received by the Defendants in the Circuit Court of Monongalia County, West Virginia Civil Action Number 10-C-317, are attached hereto and incorporated herein as **Exhibit A**.

WHEREFORE, the Defendant, Hollywood Theaters, Inc., a foreign corporation, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by the law, and that the Circuit Court of Monongalia County, West Virginia proceed no further in the premises.

Defendant further demands that the trial of this matter in federal court be heard by jury.

HOLLYWOOD THEATERS, INC.,<br>By Counsel

_____/s/ Heather M. Noel_____
Heather M. Noel (W.Va. Bar No. 7814)
  Attorney for Defendant, Hollywood Theaters, Inc.
MacCorkle, Lavender & Sweeney, PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile: (304) 599-8141
Email: hnoel@mlclaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG

MATTHEW D. BARCUS,

    Plaintiff,

v.                                                Civil Action No.:

HOLLYWOOD THEATERS, INC.,
a Delaware corporation,

    Defendant.

## CERTIFICATE OF SERVICE

I, Heather M. Noel, do hereby certify that on the 13th day of February, 2013, a true copy of the foregoing **NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

                    William R. Metzner, Esq.
                    1409 National Road
                    Wheeling, WV 26003-5629
                    *Counsel for Plaintiff*

/s/ Heather M. Noel
Heather M. Noel (W.Va. Bar No. 7814)
  Attorney for Defendant, Hollywood Theaters, Inc.
MacCorkle, Lavender & Sweeney, PLLC
2004 White Willow Way
Morgantown, WV 26505
Telephone: (304) 599-5600
Facsimile: (304) 599-8141
Email: hnoel@mlclaw.com